21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrin Raynard PALMER, Plaintiff-Appellant,
v.
COUNTY OF SAN DIEGO; San Diego County Sheriff's Department,
Defendants-Appellees.
 No. 93-55600.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 28, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darrin R. Palmer appeals the district court's judgment under Fed.R.Civ.P. 50(a) in favor of the County of San Diego ("the County") in this 42 U.S.C. Sec. 1983 action. We review de novo, Miller v. Fairchild Indus., Inc., 885 F.2d 498, 503 (9th Cir.1989), cert. denied, 494 U.S. 1056 (1990), and we affirm.[1]
 
 
 3
 Palmer's complaint alleged that, while he was incarcerated in the County jail, he was beaten by several jail officials. All defendants except the County were dismissed from the action before trial. After Palmer had presented his case to the jury, the district court granted the County's motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a). The district court ruled that Palmer had "failed to produce any evidence that the County sanctioned, or had a policy, practice [or] custom, of using the types of alleged excessive force of which [Palmer] complained at trial."
 
 
 4
 Palmer argues that the district court erred in so ruling. In particular, he asserts that the testimony of Deputy Sheriff Weldon is sufficient to create a triable issue of whether the County had a policy, custom, or practice of using excessive force against jail inmates. We disagree.
 
 
 5
 To prevail on his section 1983 claim against the County, Palmer had to prove that official policy or custom was responsible for the deprivation of his constitutional rights. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978).
 
 
 6
 "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional [local government] policy, which policy can be attributed to a [local government] policymaker."
 
 
 7
 Meehan v. County of Los Angeles, 856 F.2d 102, 107 (9th Cir.1988) (quoting City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985)); see also Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986) (local government liability under section 1983 "attaches where--and only where--a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question").
 
 
 8
 Here, Palmer's testimony was sufficient to send to the jury the question whether jail officials violated his constitutional rights by using excessive force against him. But Palmer failed to present evidence to establish that County policy or custom caused the alleged violation of his constitutional rights. To establish this element of his claim, Palmer relies on Weldon's testimony that he was acting in accordance with County policy when the altercation with Palmer occurred. Weldon's testimony, however, could not support a verdict against the County because Palmer presented no evidence that Weldon was the County official responsible for establishing final policy with respect to the use of force against jail inmates. See Pembaur, 475 U.S. at 483-84; Meehan, 856 F.2d at 107. Therefore, the district court correctly granted the County's Rule 50(a) motion. See Peterson v. Kennedy, 771 F.2d 1244, 1256 (9th Cir.1985) (judgment under Rule 50(a) is proper when the evidence permits only one reasonable conclusion as to the verdict) (citations omitted), cert. denied, 475 U.S. 1122 (1986).
 
 
 9
 In the alternative, Palmer argues that the jury could have found the County liable on the ground that it inadequately trained jail officials. This argument fails. The only evidence Palmer presented on this issue was Weldon's testimony that he received approximately four months of training at the San Diego Sheriff's Academy before he began working at the County jail. Because Palmer presented no evidence concerning the content of the County's training program, the district court correctly granted the County's motion for judgment as a matter of law. See City of Canton v. Harris, 489 U.S. 378, 388-90 (1989) (local government may be held liable under section 1983 for inadequate training only where the failure to train amounts to deliberate indifference to the rights of persons with whom government employees come into contact; this inquiry focuses on the adequacy of the training program and liability cannot be established by demonstrating that a single official was unsatisfactorily trained); Peterson, 771 F.2d at 1256.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Palmer designated the entire trial transcript as part of the record on appeal and included the relevant portions in his excerpts of record, we reject the County's contention that this appeal should be dismissed for failure to comply with Fed.R.App.P. 10(b)(2)